```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x

  SEBASTIAN BONGIOVANNI,

                      Plaintiff,              MEMORANDUM & ORDER
                                               19-CV-03260(EK)(VMS)

           -against-

  PENNYMAC CORP., PENNYMAC LOAN
  SERVICES, LLC and ROSICKI, ROSICKI
  AND ASSOCIATES, P.C.,

                      Defendant.

--------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Before the Court is Magistrate Judge Scanlon's report and recommendation (R&R) recommending that the Court (a) dismiss all but one federal claim in *pro se* Plaintiff Sebastian Bongiovanni's Second Amended Complaint with prejudice; (b) dismiss Bongiovanni's Fair Credit Reporting Act claim without prejudice and grant leave to amend; and (c) decline jurisdiction over and dismiss all state-law claims.  Defendants PennyMac Corp. and PennyMac Loan Services, LLC (together, "PennyMac") timely objected to certain parts of the R&R.  No other party filed objections or responses to objections.  For the reasons set forth below, I adopt the R&R in its entirety.

## I.   Legal Standards

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court reviews *de novo* those portions of an R&R to which a party has specifically objected. *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) ("A proper objection is one that identifies the specific portions of the R&R that the objector asserts are erroneous and provides a basis for this assertion."), *aff'd*, 578 F. App'x 51 (2d Cir. 2014).[1] Those portions of the R&R that are unobjected-to are reviewed for clear error. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

## II. Discussion

### A. *Colorado River* Abstention

PennyMac objects to the R&R's recommendation that I reach the merits of Bongiovanni's claims – any of them – rather than abstaining under the *Colorado River* doctrine. *See* PennyMac Obj. to R&R ("PennyMac Obj.") 14, ECF No. 103; *see generally Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 819 (1976).

Such abstention is unwarranted. As Judge Scanlon notes, R&R 9, this Court previously declined to abstain under *Colorado River* because Bongiovanni's FCRA claim finds no analog in the state action, and there is thus no "substantial

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

2

likelihood that the state litigation will dispose of all claims presented in the federal case." *Mazuma Holding Corp. v. Bethke*, 1 F. Supp. 3d 6, 20 (E.D.N.Y. 2014); *see also* ECF No. 81 at 11-12.

In addition, PennyMac's objection is inconsistent with its own request that dismissal be with prejudice. *See* PennyMac Mot. to Dismiss 1, ECF No. 92. "Because *Colorado River* abstention addresses the Court's subject matter jurisdiction, dismissals on such grounds must be without prejudice." *Pappas Harris Cap., LLC v. Bregal Partners, L.P.*, No. 20-CV-6911, 2021 WL 3173429, at *12 n.14 (S.D.N.Y. July 27, 2021), *appeal dismissed on other grounds*, No. 21-2086, 2021 WL 7162177 (2d Cir. Sept. 29, 2021); *see Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) ("[D]ismissals for lack of subject matter jurisdiction must be without prejudice, rather than with prejudice.").

PennyMac did not object to the R&R to the extent it recommended that certain "claims should be dismissed *with* prejudice." PennyMac Obj. 1. Thus, PennyMac's requested remedy would be "impossible to grant" in the event of *Colorado River* abstention, and it "fails on its own terms." *Brown v. Molia*, No. 16-CV-1654, 2017 WL 4350435, at *3 (E.D.N.Y. Mar. 9, 2017).

Accordingly, I adopt the R&R's recommendation not to abstain under *Colorado River*.

**B.   The FCRA Claim**

PennyMac also objects to the R&R's recommendation that Bongiovanni's FCRA claim, which appeared for the first time in the Second Amended Complaint, be dismissed *without* prejudice and with leave to amend.  *See* R&R 16; PennyMac Obj. 7.

A *pro se* litigant should be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).  However, a district court need not grant such leave when amendment would be "futile."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

PennyMac argues that amendment would be futile because the deficiency that Judge Scanlon identified in the FCRA claim — that the claim depends on Credit Karma's being a consumer reporting agency, which it is not, *see* R&R 11-13 — "is substantive; better pleading will not cure it."  *Cuoco*, 222 F.3d at 112.  But the R&R recommended dismissing this claim solely because Bongiovanni "d[id] not name a credit reporting agency that sent PennyMac Loan Services a notice of credit dispute."  R&R 13.  It is not clear that Bongiovanni could not replead his claim and satisfy this element.  Given that the FCRA claim has never been amended, and given the strong presumption in favor of allowing *pro se* litigants to replead at least once, Judge

4

Scanlon's recommendation that Bongiovanni be permitted to replead his FCRA claim is adopted.[2]

### III. Conclusion

For the foregoing reasons, the R&R is adopted in its entirety. Bongiovanni may file a Third Amended Complaint — asserting only an FCRA claim that cures the deficiencies the R&R identified, and naming only defendants already named in the Second Amended Complaint — by October 27, 2023.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   September 28, 2023
         Brooklyn, New York

---

[2] I have reviewed the remainder of the R&R for clear error and found none.